IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALLAN G. JOHNSON                                    )
4010 Shaker Run Circle                              )
Fairfield, CA 94533-7765                            )
                                                    )
            Plaintiff,                              )
                                                    ) Case No: 23-cv-1318
        v.                                          )
                                                    )
UNITED STATES DEPARTMENT OF THE ARMY                )
101 Army Pentagon,                                  )
Washington, DC 20310-0101                           )
                                                    )
            Defendant.                              )
_____)

## COMPLAINT

## I.  INTRODUCTION

1.  Plaintiff Allan G. Johnson ("Plaintiff") brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq*., by Defendant Department of the Army (hereinafter "Army") in failing to provide Plaintiff with all non-exempt records responsive to his five separate FOIA requests sent to this agency on February 3, 2020, seeking copies of the Annual History Reports for the United States Army Europe for the years 1965, 1967, 1969, 1973, and 1976, and a FOIA request from Plaintiff dated April 14, 2020, seeking a copy of the Annual History Reports for the United States Army Europe for the year 1964.

COMPLAINT                                                          - 1 -

## II. JURISDICTION

2.  This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

(FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3.  Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4.  Plaintiff, Allan Johnson, is an individual that, at all times relevant herein, has

resided in Fairfield, California.

5.  Defendant United States Department of the Army is a federal agency of the

United States, and sub-component of the United States Department of Defense, and as

such, is an agency subject to the FOIA, pursuant to 5 U.S.C. § 552(f).

## V.  LEGAL FRAMEWORK OF FOIA

6.  FOIA requires, *inter alia*, that all federal agencies must promptly provide

copies of all non-exempt agency records to those persons who make a request for records

that reasonably describes the nature of the records sought, and which conform with

agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7.  FOIA requires federal agencies to make a final determination on all FOIA

requests that it receives within twenty days (excepting Saturdays, Sundays, and legal

public holidays) after the receipt of such request, unless the agency expressly provides

notice to the requester of "unusual circumstances" meriting additional time for

responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8.  FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9.  FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10.  FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11.  Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12.  Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action.  5 U.S.C. § 552(a)(4)(E).

## VI.  FACTUAL ALLEGATIONS

### February 3, 2020, FOIA Request
### FOIA Number FA-20-1272
### 1965 Annual History Report

13.  On or about February 3, 2020, Allan G. Johnson (Plaintiff) sent a FOIA request to the Untied States Department of the Army (Army), seeking a copy of the Annual History Report for the United States Army Europe for calendar year 1965 including annexes, appendices, and attachments.

14.  On or about March 17, 2020, Plaintiff received a letter confirming receipt of Plaintiff's February 3, 2020, FOIA request, assigning it tracking number FA-20-1272, and issuing a final decision for Plaintiff's record request, wherein the agency referred Plaintiff to the National Archives and Records Administration (NARA) for the records that he had sought in this FOIA request.

15.  On or about April 12, 2020, Plaintiff filed an administrative appeal of the agency's March 17, 2020, final decision.

16.  On or about January 26, 2021, Plaintiff emailed Defendant requesting the status of his FOIA administrative appeal.

17.  On or about January 26, 2021, Defendant emailed Plaintiff, indicating that it was checking into the status of Plaintiff's administrative appeal.

18.  On or about February 12, 2021, Defendant emailed Plaintiff a response letter to Plaintiff's April 12, 2020, administrative appeal, which was dated June 29, 2020.

19.  On or about February 16, 2021, Plaintiff emailed Defendant indicating that the response letter to Plaintiff's April 12, 2020, administrative appeal had been sent to the wrong address, as well as indicating that the appeal was addressing a January 28, 2020, FOIA request, when in fact Plaintiff's request was submitted on February 3, 2020.

20.  On or about February 19, 2021, Defendant emailed Plaintiff, indicating it was looking into Plaintiff's concerns.

21.  On or about June 15, 2021, and August 19, 2021, Plaintiff emailed Defendant requesting the status of his administrative appeal.

22.  On or about August 19, 2021, Defendant emailed Plaintiff indicating that it was working on Plaintiff's administrative appeal.

23.  On or about January 24, 2022, Plaintiff emailed Defendant requesting the status of his administrative appeal.

24.  On or about January 25, 2022, Defendant emailed Plaintiff that it was waiting on a response from United States Army Europe for a follow up on his appeal.

25.  On or about February 8, 2022, Plaintiff emailed Defendant indicating that the final decision issued on March 17, 2020, where in the Defendant informed Plaintiff that the records were maintained by NARA was inaccurate, as after sending a request to NARA, Plaintiff was informed by NARA that it did not have these records.

26.  On or about May 23, 2022, Plaintiff emailed Defendant, once again requesting the status of his appeal of his February 3, 2020, FOIA request (FA-20-1272).

27.  As of the date of the filing of this action, Plaintiff Johnson has not received a final response to his administrative appeal, nor any of the records which he requested in his February 3, 2020, FOIA request (FA-20-1272).

**February 3, 2020, FOIA Request**
**FOIA Number FA-20-1273**
**1967 Annual History Report**

28.  On or about February 3, 2020, Allan G. Johnson (Plaintiff) sent a FOIA request to the Untied States Department of the Army (Army), seeking a copy of the Annual History Report for the United States Army Europe for calendar year 1967, including annexes, appendices, and attachments.

29.  On or about March 17, 2020, Plaintiff received a letter confirming receipt of Plaintiff's February 3, 2020, FOIA request, and assigning it FA-20-1273.  This letter also served as the final decision for Plaintiff's request wherein agency referred Plaintiff to NARA for the records he had requested.

30.  On or about April 13, 2020, Plaintiff filed an administrative appeal of the agency's March 17, 2020, final decision.

31.  On or about January 26, 2021, Plaintiff emailed Defendant requesting the status of his administrative appeal.

32.  On or about January 26, 2021, Defendant emailed Plaintiff indicating that it was checking into the status of Plaintiff's administrative appeal.

33.  On or about February 12, 2021, Defendant emailed Plaintiff a response letter

to Plaintiff's April 12, 2020, administrative appeal.

34.  On or about February 16, 2021, Plaintiff emailed Defendant indicating that the response letter to Plaintiff's April 13, 2020, administrative appeal had been sent to the wrong the address, as well as indicating that the appeal acknowledgment was addressing a January 28, 2020, FOIA request when in fact Plaintiff's request was submitted on February 3, 2020.

35.  On or about February 19, 2021, Defendant emailed Plaintiff indicating it was looking into Plaintiff's concerns.

36.  On or about June 15, 2021, and August 19, 2021, Plaintiff emailed Defendant inquiring as to the status of his April 12, 2020, administrative appeal.

37.  On or about January 24, 2022, Plaintiff emailed Defendant, once again requesting the status of his administrative appeal.

38.  On or about January 25, 2022, Defendant emailed Plaintiff that it was waiting on a response from United States Army Europe for a follow up on his FOIA administrative appeal.

39.  On or about February 8, 2022, Plaintiff emailed Defendant indicating that the final decision issued on March 17, 2020, where in the Defendant informed Plaintiff that the records Plaintiff is seeking were stored with NARA, was inaccurate as, after sending a FOIA request to NARA, Plaintiff was informed by NARA that NARA did not have the records sought in this FOIA request.

40.  On or about May 23, 2022, Plaintiff emailed Defendant, once again requesting the status of his appeal of the April 13, 2020, administrative appeal of FOIA request number FA-20-1273.

41.  As of the date of the filing of this action, Plaintiff Johnson has not received a final response to his administrative appeal,  nor any of the records which he requested in his February 3, 2020, FOIA request identified as FA-20-1273.

### February 3, 2020, FOIA Request
### FOIA Number FA-20-1274
### 1969 Annual History Report

42.  On or about February 3, 2020, Allan G. Johnson (Plaintiff) sent a FOIA request to the Untied States Department of the Army (Army), seeking a copy of the Annual History Report for the United States Army Europe for calendar year 1969, including annexes, appendices, and attachments, if any.

43.  On or about March 17, 2020, Plaintiff received a letter confirming receipt of Plaintiff's February 3, 2020, FOIA request and assigning it FA-20-1274.  This letter also served as the final decision for Plaintiff's request, wherein the agency stated that it did not have the records he had requested, as the records were transferred to NARA.

44.  On or about April 14, 2020, Plaintiff filed an administrative appeal of the agency's March 17, 2020, final decision.

45.  On or about January 26, 2021, Plaintiff emailed Defendant requesting the status of his administrative appeal.

46.  On or about January 26, 2021, Defendant emailed Plaintiff, indicating that it was checking into the status of Plaintiff's administrative appeal.

47.  On or about February 12, 2021, Defendant emailed Plaintiff a response letter to Plaintiff's April 12, 2020, administrative appeal, dated June 29, 2020.

48.  On or about February 16, 2021, Plaintiff emailed Defendant indicating that the response letter dated June 29, 2020, to Plaintiff's April 14, 2020, administrative appeal, had been improperly addressed to another organization, as well as indicating that the appeal was in reference to a January 28, 2020, FOIA request, when in fact Plaintiff's request was submitted on February 3, 2020.

49.  On or about February 19, 2021, Defendant emailed Plaintiff, indicating it was looking into Plaintiff's concerns.

50.  On or about both June 15, 2021 and August 19, 2021, Plaintiff emailed Defendant,  requesting the status of his April 12, 2020, administrative appeal.

51.  On or about August 19, 2021, Defendant emailed Plaintiff indicating that it was working on Plaintiffs administrative appeal.

52.  On or about January 24, 2022, Plaintiff emailed Defendant requesting the status of his FOIA administrative appeal.

53.  On or about January 25, 2022, Defendant emailed Plaintiff that it was waiting on a response from United States Army Europe for a follow up on his FOIA administrative appeal.

54. On or about February 8, 2022, Plaintiff emailed Defendant, informing the agency that the final decision issued on March 17, 2020, where in the Defendant informed Plaintiff that the records were housed with NARA was inaccurate, as after sending a request to NARA, Plaintiff was informed that NARA did not have these records.

55. On or about May 23, 2022, Plaintiff emailed Defendant, once again requesting the status of his appeal of the February 3, 2020, FOIA request identified as FA-20-1273.

56. As of the date of the filing of this action, Plaintiff Johnson has still not received a final response to his administrative appeal, nor any of the records which he requested in his February 3, 2020, FOIA request identified as FA-20-1274.

**February 3, 2020, FOIA Request**
**FOIA Number FA-20-1276**
**1973 Annual History Report**

57. On or about February 3, 2020, Allan G. Johnson (Plaintiff) sent a FOIA request to the Untied States Department of the Army (Army), seeking portions of the "Report of Major Activities Headquarters U.S. Army, Europe and Seventh Army, 1 January to 31 December 1973."

58. On or about March 17, 2020, Plaintiff received a letter confirming receipt of Plaintiff's February 3, 2020, FOIA request, and assigning it FA-20-1276, and issuing a final decision indicating that the National Archives and Records Administration "NARA" was the agency that currently held the records.

59. On or about April 15, 2020, Plaintiff filed an administrative appeal of the

agency's March 17, 2020, final FOIA decision.

60.  On or about January 26, 2021, Plaintiff emailed Defendant requesting the status of his administrative appeal.

61.  On or about January 26, 2021, Defendant emailed Plaintiff indicating that it was checking into the status of Plaintiff's FOIA administrative appeal.

62.  On or about February 12, 2021, Defendant emailed Plaintiff a response letter to Plaintiff's April 12, 2020, administrative appeal.

63.  On or about February 16, 2021, Plaintiff emailed Defendant indicating that the response letter dated June 29, 2020, to Plaintiff's April 15, 2020, administrative appeal had been incorrectly addressed to another organization, as well as indicating that the appeal was in reference to a January 28, 2020, FOIA request, when in fact Plaintiff's request was submitted on February 3, 2020.

64.  On or about February 19, 2021, Defendant emailed Plaintiff, indicating it was looking into Plaintiff's concerns.

65.  On or about both June 15, 2021 and August 19, 2021, Plaintiff emailed Defendant, inquiring as to the status of his April 12, 2020, FOIA administrative appeal.

66.  On or about August 19, 2021, Defendant emailed Plaintiff, indicating that it was working on Plaintiff's administrative appeal.

67.  On or about January 24, 2022, Plaintiff emailed Defendant, once again requesting the status of his FOIA administrative appeal.

68.  On or about January 25, 2022, Defendant emailed Plaintiff, indicating it was waiting on a response from United States Army Europe (USAREUR) regarding his FOIA appeal.

69.  On or about February 8, 2022, Plaintiff emailed Defendant, indicating that the final decision issued on March 17, 2020, wherein the Defendant informed Plaintiff that the records were with NARA, was inaccurate, as after sending a request to NARA, Plaintiff was informed by NARA that it did not have these records.

71.  On or about May 23, 2022, Plaintiff once again emailed Defendant, requesting the status of his appeal of the February 3, 2020, FOIA request identified as (FA-20-1276).

72.  As of the date of the filing of this action, Plaintiff Johnson has not received a final response to his administrative appeal, nor any of the records which he requested in his February 3, 2020, FOIA request identified as FA-20-1276.

**February 3, 2020**
**FOIA Number FA-20-1275**
**1976 Annual History Report**

73.  On or about February 3, 2020, Allan G. Johnson (Plaintiff) sent a FOIA request to the Untied States Department of the Army (Army), seeking a copy of the Annual History Report for the United States Army Europe for calendar year 1976, including annexes, appendices, and attachments.

74.  On or about March 17, 2020, Plaintiff received a letter confirming receipt of Plaintiff's February 3, 2020, FOIA request and assigning it FA-20-1275, and issuing a

final decision indicating that the National Archives and Records Administration "NARA" was the agency that currently held these records.

75.  On or about April 16, 2020, Plaintiff filed an administrative appeal of the agencies March 17, 2020, final FOIA decision.

76.  On or about January 26, 2021, Plaintiff emailed Defendant requesting the status of his administrative appeal from March 17, 2020.

77.  On or about January 26, 2021, Defendant emailed Plaintiff indicating that it was looking into the status of Plaintiff's administrative appeal.

78.  On or about February 12, 2021, Defendant emailed Plaintiff a copy of the agency's response letter dated June 29, 2020.

79.  On or about February 16, 2021, Plaintiff emailed Defendant indicating that the agency's response letter dated June 29, 2020, was incorrectly addressed to an organization that Plaintiff is not affiliated with, as well as indicating that the letter was in response to a FOIA request made on January 28, 2020, when in fact Plaintiff's FOIA request was submitted to the Army on February 3, 2020.

80.  On or about February 19, 2021, Defendant emailed Plaintiff indicating that it would get back to him as soon their review of this matter was complete.

81.  May 23, 2022, Plaintiff emailed Defendant, once again requesting the status of his December 2, 2020, FOIA appeal for FOIA request number FA-20-1275.

82.  As of the date of the filing of this action, Plaintiff Johnson has still not received a final response to his administrative appeal, nor any of the records which he requested in his February 3, 2020, FOIA request to the Army for FOIA request number FA-20-1275.

**April 14, 2020**
**FOIA Number FA-20-2798**
**1964 Annual History Report**

83.  On or about April 14, 2020, Allan G. Johnson (Plaintiff) sent a FOIA request to the Untied States Department of the Army (Army), seeking a copy of the Annual History Report for calendar year 1964 for the United States Army Europe, including annexes, appendices, and attachments.

84.  On or about August 21, 2020, Plaintiff received a letter confirming receipt of Plaintiff's April 14, 2020, FOIA request, and assigning it as FA-20-2798.

85.  On or about August 26, 2020, Defendant sent a letter to Plaintiff, indicating that the Army's Center of Military History was processing the request.

86.  On or about October 8, 2020, Defendant emailed Plaintiff ,indicating that the agency was having an issue with its scanner, and that it would be sending the responsive records that were the subject of this request to Plaintiff within two weeks.

87.  On or about December 11, 2020, Defendant, through its United States Army Europe (USAREUR) office, emailed Plaintiff to inform him that his April 14, 2020, request was being processed, and had been assigned case number FA-21-0015, and

inquiring if the agency could email the responsive records to Plaintiff.

88.  On or about December 12, 2020, Plaintiff emailed Defendant, indicating that he was agreeable to having the responsive records sent to him via email,, and provided the agency with two email addresses to which Defendant could email these records.

89.  On or about December 14, 2020, Plaintiff received five emails from Defendant, containing a total of 11 attachments which Army indicated was its final response to Plaintiff's April 14, 2020, FOIA request.

90.  On or about December 15, 2020, Plaintiff emailed Defendant indicating that some pages were missing from the released records, and requested that the agency send copies of  the missing additional responsive pages.

91.  On or about January 26, 2021, Plaintiff filed an administrative appeal of Agency's December 14, 2020, final response.

92.  On or about January 26, 2021, Defendant emailed Plaintiff, acknowledging his January 26, 2021 FOIA administrative appeal, and indicating that the agency was unable to provide an estimated completion date for processing of Plaintiff's appeal.

93.  On or about August 18, 2021, Army emailed Plaintiff its administrative appeal response decision, remanding this FOIA request back to the Center for Military History for further consideration and actions.

94.  On or about both September 29, 2021, October 12, 2021, October 19, 2021, Plaintiff emailed Defendant's FOIA office at the Center for Military History, requesting

the status of his remanded record request.

95.  On or about January 13, 2022, Plaintiff called Defendant at the Center for

Military History to request the status of his remanded FOIA request, and was informed

that Plaintiff's previous contact at Agency had retired, and that a new agency staff at this

office had been assigned to address this FOIA request matter.

96.  On or about January 13, 2022, Defendant emailed Plaintiff, indicating that

Defendant would get back to Plaintiff next week regarding the status of his remanded

FOIA request.

97.  On or about January 24, 2022, Plaintiff emailed Defendant again requesting

the status of his FOIA case.

98.  On or about January 25, 2022, Defendant emailed Plaintiff, indicating that it

was waiting to hear back from United States Army Europe regarding this FOIA request,

and that the agency would be following up with Plaintiff regarding the status of his

remanded record request.

99.  On or about January 26, 2022, and February 7, 2022, Plaintiff emailed

Defendant, clarifying the remaining issues regarding Plaintiff's FOIA request.

100.  On or about May 23, 2022, Plaintiff once again emailed Defendant,

requesting the status of his April 14, 2020, FOIA request.

101.  As of the date of the filing of this action, Plaintiff Johnson has still not

received a final response to his administrative appeal, nor the records he requested in his

April 14, 2020, FOIA request to the Army.

## VII. CLAIMS FOR RELIEF

### First Claim: February 3, 2020, FOIA Request
### FOIA Number FA-20-1272
### 1965 Annual History Report

102.  Plaintiff realleges, as if fully set forth herein, paragraphs 1-27 previously set forth herein.

103.  Defendant Army has violated FOIA by failing to provide Johnson with all non-exempt responsive records for his February 3, 2020, FOIA request.

104.  By failing to provide Plaintiff with all non-exempt responsive record to its February 3, 2020, FOIA request as described in paragraph 13 above, Defendant Army has denied Plaintiff's right to this information as provided by the Freedom of Information Act.

105. Defendant Army has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's February 3, 2020, FOIA request.

106. By failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's February 3, 2020, FOIA request, Defendant Army has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act.

107.  Unless enjoined by this Court, Defendant Army will continue to violate

Plaintiff's legal rights to be provided with copies of the records which it has requested in its FOIA request described in paragraph 13 above.

108.  Plaintiff is directly and adversely affected and aggrieved by Defendant Army's failure to provide responsive records to its FOIA request described above.

109.  Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

110.  Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

**Second Claim: February 3, 2020, FOIA Request**
**FOIA Number FA-20-1273**
**1967 Annual History Report**

111. Plaintiff realleges, as if fully set forth herein, paragraphs 1 - 12, and paragraphs 28 - 41 previously set forth herein.

112.  Defendant Army has violated FOIA by failing to provide Johnson with all non-exempt responsive records for his February 3, 2020, FOIA request.

113.  By failing to provide Plaintiff with all non-exempt responsive record to its February 3, 2020, FOIA request as described in paragraph 28 above, Defendant Army has denied Plaintiff's right to this information as provided by the Freedom of Information Act.

114. Defendant Army has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's February 3, 2020,

FOIA request.

115. By failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's February 3, 2020, FOIA request, Defendant Army has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act.

116. Unless enjoined by this Court, Defendant Army will continue to violate Plaintiff's legal rights to be provided with copies of the records which it has requested in its FOIA request described in paragraph 13 above.

117. Plaintiff is directly and adversely affected and aggrieved by Defendant Army's failure to provide responsive records to its FOIA request described above.

118. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

119. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).


**Third Claim: February 3, 2020, FOIA Request**
**FOIA Number FA-20-1274**
**1969 Annual History Report**

120. Plaintiff realleges, as if fully set forth herein, paragraphs 1 - 12, and paragraphs 42 - 56  previously set forth herein.

121. Defendant Army has violated FOIA by failing to provide Johnson with all

non-exempt responsive records for his February 3, 2020, FOIA request.

122.  By failing to provide Plaintiff with all non-exempt responsive record to its February 3, 2020, FOIA request as described in paragraph 42 above, Defendant Army has denied Plaintiff's right to this information as provided by the Freedom of Information Act.

123. Defendant Army has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's February 3, 2020, FOIA request.

124. By failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's February 3, 2020, FOIA request, Defendant Army has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act.

125.  Unless enjoined by this Court, Defendant Army will continue to violate Plaintiff's legal rights to be provided with copies of the records which it has requested in its FOIA request described in paragraph 13 above.

126.  Plaintiff is directly and adversely affected and aggrieved by Defendant Army's failure to provide responsive records to its FOIA request described above.

127.  Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

128.  Plaintiff is entitled to reasonable costs of litigation, including attorney fees

pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

**Fourth Claim: February 3, 2020, FOIA Request**
**FOIA Number FA-20-1276**
**1973 Annual History Report**

129. Plaintiff realleges, as if fully set forth herein, paragraphs 1 - 12, and paragraphs 57 - 72 previously set forth herein.

130.  Defendant Army has violated FOIA by failing to provide Johnson with all non-exempt responsive records for his February 3, 2020, FOIA request.

131.  By failing to provide Plaintiff with all non-exempt responsive record to its February 3, 2020, FOIA request as described in paragraph 57 above, Defendant Army has denied Plaintiff's right to this information as provided by the Freedom of Information Act.

132. Defendant Army has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's February 3, 2020, FOIA request.

133. By failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's February 3, 2020, FOIA request, Defendant Army has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act.

134.  Unless enjoined by this Court, Defendant Army will continue to violate Plaintiff's legal rights to be provided with copies of the records which it has requested in

its FOIA request described in paragraph 13 above.

135.  Plaintiff is directly and adversely affected and aggrieved by Defendant Army's failure to provide responsive records to its FOIA request described above.

136.  Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

137.  Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

### Fifth Claim:  February 3, 2020, FOIA Request
### FA-20-1275
### 1976 Annual History Report

138. Plaintiff realleges, as if fully set forth herein, paragraphs 1 - 12, and paragraphs 73- 82 previously set forth herein.

139.  Defendant Army has violated FOIA by failing to provide Johnson with all non-exempt responsive records for his February 3, 2020, FOIA request.

140.  By failing to provide Plaintiff with all non-exempt responsive record to its February 3, 2020, FOIA request as described in paragraph 73 above, Defendant Army has denied Plaintiff's right to this information as provided by the Freedom of Information Act.

141.  Defendant Army has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's February 3, 2020, FOIA request.

142. By failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's February 3, 2020, FOIA request, Defendant Army has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act.

143.  Unless enjoined by this Court, Defendant Army will continue to violate Plaintiff's legal rights to be provided with copies of the records which it has requested in its FOIA request described in paragraph 13 above.

144.  Plaintiff is directly and adversely affected and aggrieved by Defendant Army's failure to provide responsive records to its FOIA request described above.

145.  Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

146.  Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

**Sixth Claim: April 14, 2020, FOIA Request**
**FA-20-2798**
**1964 Annual History Report**

147. Plaintiff realleges, as if fully set forth herein, paragraphs 1 - 12, and paragraphs 83 - 101 previously set forth herein.

148.  Defendant Army has violated FOIA by failing to provide Johnson with all non-exempt responsive records for his April 14, 2020, FOIA request.

149.  By failing to provide Plaintiff with all non-exempt responsive record to its

April 14, 2020, FOIA request as described in paragraph 83 above, Defendant Army has denied Plaintiff's right to this information as provided by the Freedom of Information Act.

150. Defendant Army has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's April 14, 2020, FOIA request.

151. By failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's April 14, 2020, FOIA request, Defendant Army has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act.

152. Unless enjoined by this Court, Defendant Army will continue to violate Plaintiff's legal rights to be provided with copies of the records which it has requested in its FOIA request described in paragraph 13 above.

153. Plaintiff is directly and adversely affected and aggrieved by Defendant Army's failure to provide responsive records to its FOIA request described above.

154. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

155. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff, providing the following relief:

1.  Declare Defendant Army has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to its February 3, 2020, FOIA request number FA-20-1272.

2. Declare Defendant Army has violated FOIA by failing to complete an adequate search for records responsive to Plaintiff's February 3, 2020, FOIA request number FA-20-1272.

3. Direct by injunction that Defendant Army perform an adequate search for records responsive to its February 3, 2020, FOIA request and provide Plaintiff with all non-exempt responsive records to Plaintiff's February 3, 2020, FOIA request number FA-20-1272.

4. Declare Defendant Army has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to its February 3, 2020, FOIA request number FA-20-1273.

5. Declare Defendant Army has violated FOIA by failing to complete an adequate search for records responsive to Plaintiff's February 3, 2020, FOIA request number FA-20-1273.

6. Direct by injunction that Defendant Army perform an adequate search for

records responsive to its February 3, 2020, FOIA request and provide Plaintiff with all non-exempt responsive records to Plaintiff's February 3, 2020, FOIA request number FA-20-1273.

7. Declare Defendant Army has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to its February 3, 2020, FOIA request number FA-20-1274.

8. Declare Defendant Army has violated FOIA by failing to complete an adequate search for records responsive to Plaintiff's February 3, 2020, FOIA request number FA-20-1274.

9. Direct by injunction that Defendant Army perform an adequate search for records responsive to its February 3, 2020, FOIA request and provide Plaintiff with all non-exempt responsive records to Plaintiff's February 3, 2020, FOIA request number FA-20-1274.

10. Declare Defendant Army has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to its February 3, 2020, FOIA request number FA-20-1276.

11. Declare Defendant Army has violated FOIA by failing to complete an adequate search for records responsive to Plaintiff's February 3, 2020, FOIA request number FA-20-1276.

12. Direct by injunction that Defendant Army perform an adequate search for

records responsive to its February 3, 2020, FOIA request and provide Plaintiff with all non-exempt responsive records to Plaintiff's February 3, 2020, FOIA request number FA-20-1276.

13. Declare Defendant Army has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to its February 3, 2020, FOIA request number FA-20-1275.

14. Declare Defendant Army has violated FOIA by failing to complete an adequate search for records responsive to Plaintiff's February 3, 2020, FOIA request number FA-20-1275.

15. Direct by injunction that Defendant Army perform an adequate search for records responsive to its February 3, 2020, FOIA request and provide Plaintiff with all non-exempt responsive records to Plaintiff's February 3, 2020, FOIA request number FA-20-1275.

16. Declare Defendant Army has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to its April 14, 2020, FOIA request number FA-20-2798.

17. Declare Defendant Army has violated FOIA by failing to complete an adequate search for records responsive to Plaintiff's April 14, 2020, FOIA request number FA-20-2798.

18. Direct by injunction that Defendant Army perform an adequate search for

records responsive to its April 14, 2020, FOIA request and provide Plaintiff with all non-exempt responsive records to Plaintiff's April 14, 2020, FOIA request number FA-20-2798.

19.  Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

20.  Provide such other relief as the Court deems just and proper.

DATED: This 9th day of May, 2023.

Respectfully submitted,

 /s/ Lance D. Quaranto
Lance D. Quaranto (OR0016)
Quaranto & Associates LLC
PO Box 5471
Eugene, Oregon 97405
(541) 393-8485
lance.d.quaranto@gmail.com

**Attorney for Plaintiff**